UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re:                                                                                Chapter 7

Baker Solutions Inc. d/b/a CreditBaker,            Case No. 825-72941-spg

                Debtor.

----------------------------------------------------------X

### MOTION FOR ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING MARC A. PERGAMENT, TRUSTEE OF THE ESTATE OF BAKER SOLUTIONS INC. D/B/A CREDITBAKER TO CONDUCT AN EXAMINATION OF LEON WEINGRAD AND DIRECTING THE PRODUCTION OF DOCUMENTS

        Marc A. Pergament, Chapter 7 Trustee of the Estate of Baker Solutions Inc. d/b/a CreditBaker ("Trustee"), by and through his attorneys, Weinberg, Gross & Pergament LLP, seeks, by this motion ("Motion"), the entry of an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure: (a) authorizing the Trustee to issue a subpoena for the testimony from Leon Weingrad and directing Leon Weingrad to produce the documents identified in the Request for Documents annexed hereto as Exhibit "A"; (b) authorizing the Trustee to serve the Rule 2004 subpoena via certified mail with a copy of the Order; and (c) for such other and further relief as this Court deems just and proper ("Motion").

        In support of this Motion, Marc A. Pergament, duly affirms under the penalties of perjury as follows:

        1.     I am an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit, the United States District Court for the Eastern and Southern Districts of New York and am a member of the firm of Weinberg, Gross & Pergament LLP, attorneys for the Trustee.

2. I am also the Trustee of this Estate, and I am fully familiar with the facts and circumstances set forth herein.

3. This Affirmation is presented in support of my motion for an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure: (a) authorizing the Trustee to issue a subpoena for the testimony from Leon Weingrad and directing Leon Weingrad to produce the documents identified in the Request for Documents annexed hereto as Exhibit "A"; (b) authorizing the Trustee to serve the Rule 2004 subpoena via certified mail with a copy of the Order; and (c) for such other and further relief as this Court deems just and proper ("Motion").

4. On July 31, 2025, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code ("Petition Date").

5. Leon Weingrad filed a Proof of Claim (Claim No. 6-1) in the sum of $5,000,001.00 allegedly due to damages as a result of the Debtor's alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA").

6. The examination of Leon Weingrad is required to obtain information and documents that support his Proof of Claim.

7. Accordingly, on behalf of the Debtor's estate and in furtherance of the orderly and efficient administration of the Debtor's estate, it is necessary that the Trustee be given an immediate opportunity to conduct a Rule 2004 examination of Leon Weingrad who possesses information relating to his Proof of Claim and require the production of the documents set forth in the Request for Documents. (See Exhibit "A").

8. There is an urgent need for Rule 2004 Examination to be conducted as soon as possible so as to assist the Trustee in discovering property of the Estate.

Legal Authority

9. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows:

> (a) *Examination on Motion.* On motion of any party in interest, the court may order the examination of any entity.
>
> (b) S*cope of Examination.* The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .
>
> (c) *Compelling attendance and production of documentary evidence.* The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

10. An application for a Bankruptcy Rule 2004 examination may be considered ex parte or after notice. *In re Hickman,* 151 B.R. 125, 128 (Bankr. N.D. Ohio 1993); see also *In re Symington,* 209 B.R. 678, 689 (Bankr. D. Md. 1997) ("Rule 2004 motions are generally granted ex parte, as was the case here, without the advance notice required to be given in a contested matter."). Rule 9077-1(b) of the Local Rules for the Bankruptcy Court in the Eastern District of New York require that requests for ex parte orders are based on an affidavit or an affirmation showing cause for ex parte relief.

11. It is well established that the scope of an examination under Bankruptcy Rule 2004 is unfettered and broad. *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996; *In re Vantage Petroleum Corp.,* 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). Indeed, the examination can

3

"legitimately be in the nature of a "fishing expedition." *In re M4 Enters., Inc.,* 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995); *In re Frigitemp Corp.,* 15 B.R. 263, 264 n.3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "fishing expeditions"). Examinations under Bankruptcy Rule 2004(a) and (c) in a chapter 7 case may properly include within their scope, among other things, any matter which may relate to the property and assets of the estate, the financial condition of the debtor, any matter which may affect the administration of a debtor's estate, and any matter relevant to the case.

12. Here, the information sought by the Trustee in connection with this Motion is consistent with Bankruptcy Rule 2004 and the interpretive case law. "The purpose of a Rule 2004 examination is "to show the condition of the estate and to enable the Court to discovery its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." *In re Coffee Cupboard, Inc.,* 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing *Cameron v. United States,* 231 U.S. 710, 717 (1914)). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 f.3d 600 (2d Cir. 1994); *see also In re Ecam Publications, Inc.,* 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991) (third parties may be subject to examination if they have knowledge of the debtors' affairs).

13. It is necessary to conduct a Rule 2004 examination to obtain information and documents relative to Leon Weingrad's Proof of Claim and determine the proper course of action for the Estate.

14. Accordingly, the Trustee's request presents a "matter which may affect the administration of the debtor's estate" under Bankruptcy Rule 2004(b).

## Prior Request for Relief

15. No prior application for the relief sought herein has been made to this or any other Court.

## Conclusion

WHEREFORE, for the foregoing reasons, it is respectfully requested that this honorable Court grant the Trustee's motion and grant such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
December 17, 2025

_____
Marc A. Pergament