UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:  Chapter 7

Baker Solutions Inc. d/b/a CreditBaker,  Case No. 825-72941-spg

          Debtor.
-----------------------------------------------------------X

**ORDER AUTHORIZING THE TRUSTEE TO CONDUCT AN EXAMINATION
AND ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

Upon the motion, dated December 17, 2025 [ECF No. __] (the "Motion"), of Marc A. Pergament, Trustee of the Estate of Baker Solutions Inc. d/b/a CreditBaker seeking the entry of an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing the Trustee to (a) issue a subpoena for testimony and the production of documents by Leon Weingrad (the "Witness") and granting related relief; and the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iv) notice of the Motion was sufficient and no additional notice of a hearing on the Motion is required under the circumstances; (v) the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and upon the Certificate of No Objection, filed on _____ [ECF No. __], certifying that no objections or responses were filed with respect to the Motion and the relief requested therein; and the Court having reviewed the Motion and having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; now therefore, IT IS HEREBY

ORDERED, that the Trustee is authorized under Bankruptcy Rules 2004 and 9016, to issue such subpoenas as may be necessary to compel the testimony of the Witness in connection with the administration of this Chapter 7 case; and it is further

ORDERED, that unless otherwise agreed to by the Trustee, the Witness shall have fourteen (14) days from the service of a subpoena to either (1) produce to the Trustee all responsive documents requested in the Trustee's subpoena, other than those documents withheld under a claim of privilege or (2) file with this Court an objection or response to the subpoena with a hearing promptly scheduled; and it is further

ORDERED, that unless otherwise agreed to by the Trustee, if the Witness withholds any documents from the production based upon a claim of privilege, the Witness is directed to provide counsel for the Trustee with a privilege log, containing the information required under Bankruptcy Rule 7026 and E.D.N.Y. L.B.R. 7026-1, within fourteen (14) days of the service of a subpoena on the Witness; and it is further

ORDERED, that the Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Trustee, in no event more than fifteen (15) days from the date of the service of a deposition subpoena upon the Witness; and it is further

ORDERED, that nothing herein shall limit the rights of the Witness under applicable law to object to or oppose any subpoena the Trustee may serve upon the Witness; and it is further

ORDERED, that the Trustee shall file with the Court an affidavit or declaration of service for each subpoena he serves; and it is further

ORDERED, that this Order is without prejudice to the Trustee's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

3

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.